ANNIE V. BRANN, Admx.

*vs.*

MAINE BENEFIT LIFE ASSOCIATION.

Androscoggin.    Opinion December 29, 1898.

*Life Insurance.   Party to sue.   Action.   Covenant.   Pleading.*

Where the covenant under seal is with one person for the benefit of another, or to pay to another, which is the same thing, the action for breach must be in the name of the covenantee, or if he be dead, by his legal representative.

In an action of debt the declaration must show some certain amount due as damages.   The action of debt lies for a sum certain only.   Where a policy contains a covenant to pay the amount of one assessment but not to exceed $3,000, *held;* that the declaration should aver that the assessment amounted to at least $3,000.   For the want of this averment, a demurrer will lie.

ON EXCEPTIONS BY DEFENDANT.

This was an action of debt on a certificate of membership issued by the defendant to John Kelley promising to pay within sixty days after due notice and proof of his death "to Mrs. Annie V. Kelley, his wife, or in event of her death, to his legal representative, the amount of one assessment made upon the surviving members of the association" . . . . "provided, however, that such payment shall not exceed three thousand dollars."

The plaintiff in her declaration set out the certificate in haec verba, and then alleged as follows:

"And the plaintiff says that the corporation in the said policy called the Maine Benefit Association was and is the defendant; and the plaintiff further avers that the said Annie V. Kelley, at the time of the making of the said policy, and during the said risk, and at the time of the death of the said John Kelley, was the lawful wife of said John Kelley and was interested in the life of the said John Kelley to the full amount insured thereon as aforesaid, and that during the said risk and whilst the said policy remained in force the said John Kelley died; and all conditions precedent have

been performed, and all things and events have existed and happened, and all periods of time have elapsed, to entitle the plaintiff as administratrix as aforesaid to payment of the said sum of three thousand dollars, and as administratrix as aforesaid to maintain this action for the same; yet the plaintiff has not been paid or satisfied the said sum of three thousand dollars, or any part thereof, and the same is wholly due and in arrears and unsatisfied, etc."

There was also a second count for money had and received. The writ is dated November 10, 1897, and was entered at the January term, 1898. At the April term the defendant filed a demurrer to the first count in the declaration and a plea of general issue to the second count. The court overruled the demurrer and adjudged the declaration sufficient. To these rulings the defendant took exceptions.

*Fred N. Saunders and J. A. Morrill*, for plaintiff.

Counsel cited *Grindle* v. *York Mut. Aid Assoc.*, 87 Maine, 177, to the point raised by defendant that the first count contains no averment that the defendant corporation was in funds with which to pay the maximum amount of the policy, ($3,000), nor any averment that it had any membership from which any sum of money could be raised, with which to pay the amount called for by the policy.

The action is rightly brought by Kelley's administratrix: *Flynn* v. *North Am. Life Ins. Co.*, 115 Mass. 449; *Flynn* v. *Mass. Benefit Assoc.*, 152 Mass. 289; *McCarthy* v. *Metrop. Life Ins. Co.*, 162 Mass. 254–256; *Wright* v. *Vermont Life Ins. Co.*, 164 Mass. 302; *Rindge* v. *N. E. Mut. Aid Society*, 146 Mass. 286–289; *Saunders* v. *Saunders*, 154 Mass. 337–338; *Hinkley* v. *Fowler*, 15 Maine, 285; *Packard* v. *Brewster*, 59 Maine, 404; *Farmington* v. *Hobert*, 74 Maine, 416; *Baldwin* v. *Emery*, 89 Maine, 496.

*Geo. C. Wing and Seth M. Carter*, for defendant.

To the first point counsel cited: Joyce on Ins. § 3667; Bacon on Ben. Soc., etc., § 453; *Mut. Acc. Assoc.* v. *Tuggle*, 138 Ill. 428.

No averment of any notice and proof of death: Bacon on Ben. Soc., etc., § 454; *Dolbier* v. *Ins Co.*, 67 Maine, 180.

Debt will not lie upon a specialty for failure to perform a collateral undertaking according to its terms. Am. & Eng. Ency., title, Debt, par. 3; Bouv. Law Dict., title, Debt.

Counsel also cited: Perry on Com. Law Pl. p. 55.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, JJ.

HASKELL, J. Debt by the administratrix of the assured upon a certificate of life insurance under seal for the insurance written for the benefit of the wife.

Two questions arise:

I. Can the administratrix maintain the suit, or must it be brought in the name of the wife, who survives? The covenant in the certificate was made with the assured. That was to pay to the wife, "or in in the event of her death to his (the assured's) legal representative." The covenant was with the assured to pay to the wife, if living, and the breach of it survived to his legal representative.

The law is well settled that where the covenant is with one person for the benefit of another, or to pay to another, which is the same thing, the action for breach must be in the name of the covenantee, or if he be dead by his legal representative. The beneficiary, however, may use his name or the name of the representative for the purpose. *Baldwin* v. *Emery*, 89 Maine, 496.

II. Should the declaration have averred that the assessment amounted to at least $3000, the amount sued for? The covenant sued is to pay one assessment upon the members of the association, not to exceed $3000. The declaration calls for $3000 damages, without an averment that the assessment amounted to that sum. Now the covenant is to pay one assessment and no more. To authorize a recovery for that sum the assessment must amount to it. It is the assessment that is due. That is the cause of action set out, and some averment of its amount seems necessary. This all appears from the declaration, for the certificate is recited therein

in his verbis. The declaration, to state a cause of action arising from its internal structure, should aver that the assessment equaled the sum demanded. In other words, without some such averment, no sum appears to be due, and every declaration in an action of debt must show some certain amount due as damages. The action lies for a sum certain only.

But it is argued that precisely the same question was raised and decided in *Grindle* v. *York Mutual Aid Association*, 87 Maine, 177. Not so. The question there was whether the company was presumed to be in sufficient funds to pay the assessment in the absence of evidence to the contrary; and the decision was in favor of the presumption, that might be overcome by evidence. In other words, the court held the fact a traversable fact supported by a presumption to be settled by evidence if there be any. Now every traversable fact must be averred and proved; sometimes to be proved by presumptions, and at others by presumptions aided or controlled by evidence, but always proved. The wanting averment in plaintiff's declaration was essential to entitle her to recover the sum named or any sum. When averred, a traverse would put it in issue. The law would presume the fact in her favor. That presumption, standing alone, would amount to proof. We think this defect, easily cured by amendment, a cause for demurrer.

*Exceptions sustained.*